UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

IN RE:

CRAIG A COLLINS

Debtor

|  |  |
|---|---|

Chapter 13
Case No. 26-10996-AMC

ALLY BANK

Movant

v.

CRAIG A COLLINS
(Debtor)

TAYLOR NICOLE MICKLETZ
(Co-Debtor)

SCOTT F. WATERMAN
(Trustee)

Respondents

Hearing Date: June 3, 2026 @ 11:00 AM

Response Deadline: May 20, 2026

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY
PURSUANT TO 11 U.S.C. § 362(d)(1) and 1301 AND FOR ENTRY OF ORDER
WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)**

NOW COMES Ally Bank, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and co-debtor relief pursuant to 11 U.S.C. § 1301 and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2023 Chevrolet Malibu and states the following as grounds therefore:

1.	This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d).  Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On March 12, 2026, the Debtor, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania.

3. Ally Bank (the "Creditor") is a secured creditor and the holder of a duly perfected security interest in one (1) 2023 Chevrolet Malibu VIN No. 1G1ZB5ST9PF119591 (the "Vehicle") pursuant to a Retail Installment Sale Contract Simple Finance Charge  (the "Contract"), a retail installment contract between the Debtor and Taylor Nicole Micketz and Del Chevrolet, Inc. (the "Seller"), entered into on December 20, 2022, whereby the Debtor agreed to pay a total of $56,116.50 in 75 monthly payments of $748.22 each in connection with the purchase of the Vehicle. Thereafter, pursuant to its terms, the Contract was duly assigned by the Seller to Ally Bank and the latter is now the holder and owner of the same. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits "A" and "B", respectively.

4. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

5. As of April 22, 2026, the net total balance due on the obligation to Creditor was $27,663.04.

6. As of April 22, 2026, the Debtor is in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract/Lease as follows:

   a. Contractual arrears are due in the amount of $5,608.29; and

   b. The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

7. That Creditor has ascertained that the clean retail value of the Vehicle is $17,975.00 based on J.D. Power Used Car Guide's estimated value of the Vehicle estimated value of the Vehicle. A copy of the J.D. Power Guide for valuation of the Vehicle is attached hereto as Exhibit "C."

8. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

9. The Vehicle was repossessed on February 17, 2026.

10. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay and co-debtor stay are allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay and co-debtor stay.

12. The Creditor is also entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because Debtor has no equity in the Vehicle and the Vehicle is not necessary for an effective reorganization.

WHEREFORE, the Creditor, Ally Bank, respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d) and § 1301(c), either:

a. Granting the Creditor relief from the automatic stay and the co-debtor automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and

b.  For such other and further relief as the Court may deem just and proper.

Date: <u>May 6, 2026</u>

Respectfully Submitted,

<u>*/s/ Elizabeth A. Trachtman*</u>
Elizabeth A. Trachtman, Esq. PA 333427
Michele M. Bradford, Esq. PA 69849
Orlans Law Group PLLC
Attorney for Ally Bank
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: etrachtman@orlans.com
mbradford@orlans.com
File Number: 26-004572